IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONNIE COCHRAN and AUDREY COCHRAN, husband and wife, Plaintiffs, | ) ) ) ) | |
| vs. | ) ) | No. CIV-08-204-C |
| FIRST STATE BANK, KEYES, OK, Defendant/Third-Party Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| JENNY RICHARDSON et al., Third-Party Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

Defendant First State Bank ("FSB") previously was granted a temporary restraining order ("TRO") prohibiting Plaintiffs, their agents, representatives, successors, attorneys, and all those in active concert or participation with them from depositing, spending, or otherwise dissipating proceeds of their crop insurance claim for their wheat crop that failed this year, and from engaging in any further acts involving the diversion, hiding, or dissipation of farm products and/or using the sale proceeds. (See Temporary Restraining Order, Dkt. No. 23.) FSB also filed a motion requesting a preliminary injunction that essentially will keep the terms of the TRO in place and enjoin Plaintiffs from using the proceeds from sale of their farm products, federal crop insurance proceeds, and government payment pledged as collateral to FSB until a final hearing and determination of the merits can be made in the underlying action. (See Def.'s Mot., Dkt. No. 20.) Plaintiffs filed a motion objecting to a preliminary injunction (see Pls.' Resp., Dkt. No. 32), and this matter was heard by the Court

on June 30, 2008, at which time both parties presented evidence.

In 1999 and in 2002, Plaintiffs borrowed a principal amount totaling approximately $337,000.00 and signed two promissory notes; the notes were secured by real estate mortgages and security agreements executed by Plaintiffs in favor of FSB. Plaintiff pledged numerous items as collateral for the promissory notes, including: all crops, cattle, and farm products of every kind; the proceeds of sale of all farm products; insurance proceeds; government payments; and other personal property. Plaintiffs defaulted on the notes and FSB is now pursuing foreclosure against them as well as counterclaims for judgment of ownership on several mortgages and possession and a determination of FSB's security interest in certain items of collateral.

To obtain a preliminary injunction pursuant to Fed. R. Civ. P. 65, FSB must show: (1) it will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood that FSB ultimately will prevail on the merits; (3) the threatened injury to FSB outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest. Wyandotte Nation v. Sebelius, 443 F.3d 1247, 1254-55 (10th Cir. 2006). The Tenth Circuit has described a showing of probable irreparable harm as "the single most important prerequisite" for obtaining a preliminary injunction. Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted).

As the Court announced at the hearing, FSB has established sufficiently the elements necessary to obtain a preliminary injunction. First, FSB has shown that it will suffer

irreparable harm absent an injunction and that the injury threatened to FSB outweighs the harm that the injunction may cause to Plaintiffs. While the Court is sympathetic to Plaintiffs' situation, the evidence presented to the Court does not indicate that the loans FSB made to Plaintiffs are oversecured by the value of Plaintiffs' collateral, even including the equipment and real estate. FSB President Steve Caldwell's testimony at the hearing clearly shows that the federal government will not guarantee loans made by FSB if FSB fails to adequately protect its security interest in loans such as those made to Plaintiffs. In addition, Plaintiff Ronnie Cochran himself testified that it would be necessary for him to continue to use the disputed proceeds to keep his farming business running, despite FSB's security interest, and thus these items would be expended permanently.

While Plaintiffs may prevail on their original claims against FSB regarding the loans, FSB has established a substantial likelihood of success on the merits on the narrow and limited issue for which the injunction is sought. The bank has uncontested documents creating a security interest in proceeds, crops, payments, and other items of collateral; Plaintiff Ronnie Cochran admitted that the loans are in default and that he has used and will continue to use these items in a manner contrary to the terms of the agreement between Plaintiffs and FSB.

Finally, Plaintiff Ronnie Cochran unhesitatingly testified that he has used and would continue to use collateral that is rightfully pledged to FSB, he would not surrender future proceeds to FSB, and he would continue to violate the terms of the agreements that he signed with FSB. Thus, the public interest requires the issuance of an injunction enjoining such

certain violations from taking place.[*]

## CONCLUSION

As announced in open court during hearing on this issue, Defendant's motion for a preliminary injunction (Dkt. No. 20) is hereby GRANTED.

IT IS SO ORDERED this 1st day of July, 2008.

ROBIN J. CAUTHRON
United States District Judge

---

[*]During the hearing, it became clear that the parties dispute the security interest that FSB continues to hold in a herd of cattle that Plair_____ $99,800.00 in May 2006. (See Pls.' Resp. at ___ genuinely owned by John Cochran, but Ronn___ his father, Ronnie since has sold some of the ___ proceeds to FSB. Ronnie Cochran further te___ paying for the feed and care of the cattle, and ___ his father's discretion. Finally, Ronnie stated that when cattle are sold from this lot, he declares the income for himself on income tax statements. This injunction prohibits Plaintiffs from selling, hiding, or otherwise dissipating, and/or using the sale proceeds thereof of any farm products pledged as collateral to FSB. Thus, to the extent of Plaintiffs' interest in these cattle that is properly pledged to FSB, neither they nor anyone acting in active concert or participation with them may sell, hide, dissipate, or otherwise use these cattle or the sale proceeds thereof as per the terms of the signed security agreements.